IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Amica Mutual Insurance Company,<br><br>Plaintiff,<br><br>v.<br><br>Elizabeth Gardiner, as Personal Representative of the Estate of Christabel Carlsson,<br><br>Defendant. | CASE NO. 3:26-cv-3982-SAL<br><br>**COMPLAINT**<br>**(DECLARATORY JUDGMENT)**<br>**NON-JURY** |

Amica Mutual Insurance Company, by and through its undersigned counsel, hereby seeks a Declaration of Rights pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 that it has fully discharged its obligation to pay underinsured motorist benefits to the Estate of Christabel Carlsson, whether as underinsured motorist carrier or as provider of any other applicable coverages under its Personal Auto Policy issued to Robert Johan Carlsson and Christabel Carlsson (the "Policy"), with respect to a claim arising from a multi-vehicle incident on the night of January 7, 2024.

PARTIES

1. Plaintiff Amica Mutual Insurance Company ("AMICA") is an insurance company incorporated and having its principal place of business in the State of Rhode Island, and is therefore a citizen of the State of Rhode Island. It is authorized to do business in the State of South Carolina. At all times material hereto, AMICA was in the business of selling contracts of insurance.

2. Christabel Carlsson ("Carlsson"), at all times relevant hereto, resided at 112 Nottingham Road, Columbia, South Carolina, and was, upon information and belief, a citizen and resident of the State of South Carolina.

3. Elizabeth Gardiner is the duly appointed Personal Representative of the Estate of Christabel Carlsson, appointed by the Probate Court for Richland County, South Carolina, and is named here solely in that representative capacity. Pursuant to 28 U.S.C. § 1332(c)(2), the legal representative of the estate of a decedent is deemed a citizen only of the same state as the decedent.

## JURISDICTION AND VENUE

4. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this action occurred in Lexington County, South Carolina, and the Estate of Christabel Carlsson is being probated in Richland County, South Carolina, both of which lie within the Columbia Division of this Court.

## FACTUAL BACKGROUND

### *Underlying Claim*

6. This matter arises out of a claim asserted by the Estate of Christabel Carlsson, by and through Personal Representative Elizabeth Gardiner, against AMICA for payment for Underinsured Motorist Coverage ("UIM") benefits.

7. On or about January 7, 2024, Carlsson was involved in a motor vehicle incident (the "Incident").

8. Just prior to the Incident, Carlsson was traveling westbound on Interstate 26 in Lexington County, South Carolina, when her vehicle was struck from behind by a vehicle allegedly operated by Quinton Lawson. The collision caused Carlsson's vehicle to spin out of control until it came to rest near the concrete lane divider in the center of the interstate facing partially sideways and blocking at least one lane of travel.

9. After Carlsson's vehicle came to rest, but before Carlsson could exit, a vehicle driven by Hoang Minh Nghi Nguyen, traveling in the same direction on Interstate 26 at or below the stated speed limit, came upon the disabled Carlsson vehicle. Because the Carlsson vehicle was blocking at least one lane of travel, was not facing the correct direction, and its taillights were not visible—among other factors rendering it not visible to approaching traffic—the Nguyen vehicle struck the Carlsson vehicle.

10. After being struck a second time, Carlsson exited her vehicle, walked across the interstate, and waited on the shoulder for responders to arrive.

11. Thereafter, the disabled Carlsson vehicle was struck a third time by a vehicle driven by Omi Jmaya Taylor.

12. Carlsson suffered injuries in the Incident and passed away on January 25, 2024.

13. The Carlsson Estate made a claim upon AMICA for the UIM coverage, taking the position that the events of January 7, 2024, constituted two separate accidents within the meaning of the Policy, each independently triggering up to $1,000,000.00 in combined UIM limits.

14. The Carlsson Estate filed a wrongful death and survival action against Quinton Lawson (the "Lawson Wrongful Death Action") in the Court of Common Pleas for the Fifth Judicial Circuit, Richland County, South Carolina, Case No. 2024-CP-40-03238, on May 24, 2024. (Exhibit A.)

15. The Lawson Wrongful Death Action was resolved by agreement upon payment by Lawson's liability insurer, First Acceptance Insurance Company, of $375,000.00 and payment by AMICA of $1,000,000 in UIM benefits.

16. The settlement was approved by order of the Honorable Daniel Coble on May 8, 2026. (Exhibit B.)

17. After reaching an agreement to resolve the Lawson Wrongful Death Action, the Carlsson Estate filed a wrongful death and survival action against Hoang Minh Nghi Nguyen (the "Nguyen Wrongful Death Action") in the Court of Common Pleas for the Eleventh Judicial Circuit, Lexington County, South Carolina, Case No. 2025-CP-32-05439. (Exhibit C.)

18. Hoang Minh Nghi Nguyen's automobile liability insurer, American Family Connect Property and Casualty Insurance Company, tendered its policy limits to the Carlsson Estate.

19. AMICA filed a Notice of Appearance and Conditional Answer in the Nguyen Wrongful Death Action, in which it assumed control of Nguyen's defense pursuant to S.C. Code Ann. § 38-77-160 while expressly reserving all rights under the Policy, including the denial of additional UIM coverage. (Exhibit D.)

*AMICA Policy*

20. AMICA issued the Policy, Personal Auto Policy No. 94073920BZ, to Robert Johan Carlsson and Christabel Carlsson, with a policy period from January 1, 2024, to July 1, 2024. (Exhibit E at 1.)

21. The Policy includes Endorsement PP 04 88 02 23 ("Underinsured Motorists Coverage – South Carolina") and Endorsement PP 04 72 06 98 ("Single Underinsured Motorists Limits – South Carolina"). (Exhibit E at 3–8.)

22. The Policy provides UIM Coverage with a $500,000 limit for each accident. (Exhibit E at 2.)

23. The Policy identifies two covered vehicles: (1) a 2014 Toyota RAV4 Limited, VIN JTMYFREV5EJ017033 (“Auto 1”), which Christabel Carlsson was operating at the time of the Incident; and (2) a 2017 Toyota Tacoma Access Cab, VIN 5TFRX5GN7HX079817 (“Auto 2”). (Exhibit E at 1.)

24. Endorsement PP 04 72 06 98 provides that, when an insured sustains bodily injury in an accident while occupying “[the insured’s] covered auto,” AMICA’s maximum limit of liability for all damages resulting from the accident is “the sum of the limits of liability for Underinsured Motorists Coverage shown in the Schedule or in the Declarations applicable to each vehicle,” which is “the most [AMICA] will pay regardless of the number of insureds, claims made, vehicles or premiums shown in the Schedule or in the Declarations, or vehicles involved in the accident.” (Exhibit E at 8.)

*Grounds for Declaratory Judgment*

25. AMICA incorporates the allegations of paragraphs 1–24 as fully as if set forth verbatim herein.

26. The Carlsson Estate has made a claim upon AMICA for the UIM Coverage, taking position that the events of January 7, 2024, constituted two separate accidents within the meaning of the Policy, each independently triggering up to $1,000,000.00 in combined UIM limits.

27. AMICA tendered $1,000,000.00 in UIM Coverage upon the contention that the events of January 7, 2024, constituted a single accident within the meaning of the Policy. The Carlsson Estate accepted that tender, with the parties expressly agreeing that such

acceptance did not waive either party's position as to the disputed number of accidents that occurred within the meaning of the Policy.

28. Under the Policy, the maximum UIM Coverage available for a single accident is the combined limits applicable to Auto 1 and Auto 2, or $1,000,000.00, regardless of the number of vehicles involved in that accident.

29. AMICA's tender of $1,000,000.00 fully satisfies its obligations under the Policy with respect to the January 7, 2024 Incident.

30. AMICA has no further duty to provide UIM Coverage beyond the $1,000,000.00 already tendered because the events of January 7, 2024, constituted a single accident under the terms of the Policy, and $1,000,000.00 is the Policy's maximum limit of liability for any one accident, regardless of the number of vehicles involved.

WHEREFORE, Plaintiff Amica Mutual Insurance Company respectfully requests that this Court declare and adjudge the controversy as follows:

A. Declare that the Incident constituted a single accident under the terms of the Policy; and

B. Declare that AMICA's tender of $1,000,000.00 in underinsured motorist benefits fully satisfies AMICA's contractual obligations under the Policy with respect to the Incident.

(Signature Page Follows)

**SEIBELS LAW FIRM, P.A.**

By: s/John P. Seibels, Jr.
Federal ID No. 5998
38 Broad Street, Ste. 200
Charleston, SC 29401
(843) 722-6777
jseibels@seibelsfirm.com

**Attorneys for Amica Mutual Insurance Company**

September 9, 2026
Charleston, South Carolina